# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

VERONICA MARQUAND,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF DEFENSE,
　　　　　　Agency.

DOCKET NUMBER
PH-0752-14-0636-I-1

DATE: July 7, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Veronica Marquand, Hamden, Connecticut, pro se.

Robert Stolzman, East Hartford, Connecticut, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained her removal for failure to meet a condition of employment. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

AFFIRM as MODIFIED[2] the administrative judge's findings regarding the sustained charge, VACATE the administrative judge's findings regarding the reasonableness of the penalty, including the appellant's claim of disparate penalties, and REMAND the case for further adjudication in accordance with this Order.

## BACKGROUND

¶2    Effective September 27, 2010, the agency appointed the appellant to a GS‑12 Contract Price/Cost Analyst position with the agency's Defense Contract Management Agency (DCMA) in Stratford, Connecticut.  Initial Appeal File (IAF), Tab 57 at 56.  The agency removed the appellant from her position effective March 28, 2014, based on her failure to meet a condition of employment; specifically, achieving Defense Acquisition Workforce Improvement Act (DAWIA) Level II Certification within 40 months of her entrance on duty.[3] *Id.* at 25-36, 50−54.

¶3    The appellant filed a Board appeal of her removal.[4]  IAF, Tab 1.  She challenged the merits of the agency's action, IAF, Tab 25 at 16-24, and raised an allegation of disparate penalties, arguing that the penalty of removal is unreasonable because the agency did not remove other employees who failed to obtain DAWIA certification within the prescribed period, *id*. at 32-34.  The

---

[2] As explained below in paragraphs 15-17, we have modified the initial decision to further address the appellant's argument that conditions of employment must be set forth explicitly in the position description.

[3] When the agency appointed the appellant to her position, the deadline for employees in Acquisition, Technology, and Logistics (AT&L) positions to meet certification requirements was 24 months from the appointment date.  IAF, Tab 7 at 63.  Effective October 1, 2011, this time limit was extended to 40 months for employees, such as the appellant, who occupied contracting positions on September 30, 2011, and had not obtained certification.  *Id.* at 37.

[4] The appellant initially requested a hearing, IAF, Tab 1 at 2, but subsequently withdrew her request, IAF, Tab 42.

appellant also raised affirmative defenses of harmful procedural error and violation of her due process rights. IAF, Tab 14.

¶4 In her initial decision, the administrative judge affirmed the appellant's removal, finding that the agency proved its charge by preponderant evidence and that the appellant did not show that the agency imposed a disparate penalty. IAF, Tab 65, Initial Decision (ID) at 2, 4-24, 51-52. The administrative judge also found that the appellant failed to prove her affirmative defenses. ID at 24-48.

¶5 The appellant challenges all of the administrative judge's findings on review, Petition for Review (PFR) File, Tab 7 at 6, including her findings regarding the sustained charge,[5] *id.* at 6-15, and the reasonableness of the penalty, *id.* at 22-24. In particular, the appellant alleges that the administrative judge misapplied case law pertaining to disparate penalties, *id.* at 18-22, and improperly denied her motion to compel discovery, *id.* at 32-33. The agency has responded in opposition to the appellant's petition for review. PFR File, Tab 9. The appellant has filed a reply to the agency's response. PFR File, Tab 10.

## ANALYSIS

### The administrative judge correctly found that the agency proved the charge of failing to meet a condition of employment.

¶6 The charge of failure to fulfill a condition of employment contains two elements: (1) the requirement at issue is a condition of employment; and (2) the

---

[5] In her petition for review, the appellant states that she tried to submit purportedly new evidence, including an Office of Personnel Management Policy and a Department of Defense (DOD) Inspector General Report, PFR File, Tab 7 at 7 n.1 and 48, and, based on this evidence, asserts that certification requirements must be "spelled out" in the position description, *id.* at 7, 9. The appellant asserts that she was unable to submit this new evidence due to technical issues. PFR File, Tab 10 at 5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has made no such showing. Consequently, we have not considered the appellant's arguments on review to the extent they are based on purported new evidence.

appellant failed to meet that condition.  *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014).  Absent evidence of bad faith or patent unfairness, the Board defers to the agency's requirements that must be fulfilled for an individual to qualify for appointment to, or retention in, a particular position.  *Id.*

> *The agency proved that DAWIA Level II Certification was a condition of the appellant's employment.*

¶7    In sustaining the agency's charge, the administrative judge found that the agency had the authority to require the appellant to obtain DAWIA Level II Certification within 40 months of her entrance on duty based on the following: (1) DAWIA, as amended and codified in 10 U.S.C. § 1723, which authorizes the Secretary of Defense to establish education, training, and experience requirements, as well as career path requirements, for the completion of course work and on-the-job training for acquisition personnel; (2) paragraph 5.1.2 of DOD Directive 5000.52, which directs the Under Secretary of Defense (USD) for AT&L to establish the AT&L Workforce Education, Training, and Career Development Program (AT&L training program) for persons serving in DOD AT&L positions, IAF, Tab 7 at 144; (3) paragraph E2.1.3.1 of DOD Instruction 5000.66, which implements DOD Directive 5000.52 and directs the USD for AT&L to establish education, training, and experience requirements for each AT&L position category, *id.* at 112, 120; and (4) the DOD Desk Guide for AT&L Workforce Career Management (Desk Guide), which supplements DOD Directive 5000.52 and DOD Instruction 5000.66 by providing guidance on key aspects of the AT&L training program, such as AT&L certification, *id.* at 44.  ID at 4-6.  As the administrative judge noted, the Desk Guide provides that AT&L Career Field Certification is mandatory for all AT&L positions and that certification or waiver[6] of the certification requirement within 24 months of

---

[6] A waiver allows an employee who has not achieved the required certification by the deadline to remain in the acquisition position until all certification requirements are met.  IAF, Tab 7 at 33.

assignment is necessary for the individual to remain in the position. ID at 5 n.6; IAF, Tab 7 at 63.

¶8    The administrative judge further found that the following factors demonstrate that DAWIA Level II Certification was a condition of the appellant's employment: (1) the job announcement for the appellant's position states that it is an acquisition position requiring DAWIA Level II Certification within 24 months of entrance on duty, ID at 8 (citing IAF, Tab 57 at 64); (2) the relevant position description states that the incumbent of the position is subject to the provisions of the DAWIA and associated DOD and DCMA policies and guidelines, *id.* (citing IAF, Tab 57 at 76, 84); and (3) the appellant's tentative and final job offers state that DAWIA certification is required and that she has 24 months from her entrance on duty to meet certification requirements, *id.* (citing IAF, Tab 57 at 59, 61).

¶9    The appellant challenges these findings on review, alleging that 10 U.S.C. § 1723, "DOD Instruction 5000.52,"[7] and DOD Instruction 5000.66 do not establish DAWIA certification as a condition of employment and that neither DOD Instruction 5000.52 nor 5000.66 mandate discipline for failure to obtain DAWIA certification. PFR File, Tab 7 at 7. Contrary to the appellant's apparent assertion, however, the administrative judge did not find that these authorities establish certification as a condition of employment. Rather, the administrative judge correctly found that these authorities—in conjunction with DCMA Instruction 629,[8] the Defense Acquisition University (DAU) Catalog,[9] and the

---

[7] The appellant apparently is referring to Directive 5000.52.

[8] The administrative judge noted that Paragraph 2.1 of DCMA Instruction 629 indicates that "[e]ach acquisition career field has mandatory education, training, and experience requirements for certification at each career level." ID at 11 n.11 (quoting IAF, Tab 7 at 31).

[9] The administrative judge noted that the DAU Catalog establishes minimum core certification standards required for the DAWIA Level II Certification in contracting. ID at 11 n.12 (citing IAF, Tab 7 at 109).

statement in the appellant's position description that the incumbent of the position is subject to the provisions of the DAWIA and associated DOD and DCMA policies and guidelines—provide the agency with the authority to require certification as a condition of employment in an AT&L position.  ID at 11.

¶10    The appellant also challenges the administrative judge's findings that statements in the job announcement for her position, as well as her tentative and final job offers, demonstrate that DAWIA Level II Certification was a condition of her employment.  PFR File, Tab 7 at 10.  Regarding the job announcement, the appellant contends that the copy that the agency submitted in the record during the proceedings below is not the same job announcement to which she responded in applying for the position.  *Id.*; *see* IAF, Tab 57 at 64-69.  She alleges that the agency "fabricated evidence" by submitting a similar job announcement that does not contain a vacancy announcement number or any information establishing that it is the job announcement for her position.  *Id.* (citing IAF, Tab 57 at 63).  Therefore, she asserts the administrative judge relied on the wrong job announcement in finding that DAWIA Level II Certification was a condition of her employment.  *Id.*

¶11    We find this argument unavailing.  Contrary to the appellant's assertion, the job announcement in the record cited by the administrative judge does contain a vacancy announcement number.  IAF, Tab 57 at 66.  Moreover, that number corresponds to the vacancy announcement number for the appellant's position set forth in the notice of proposed removal.  *Id*. at 51.  Thus, we find that the evidence supports the finding that the job announcement in the record is the same job announcement for the appellant's position.

¶12    In the alternative, the appellant argues that, even if the job announcement submitted by the agency is the same announcement to which she responded in applying for the position, it does not support a finding that DAWIA Level II Certification was a condition of her employment because it does not list such certification as a condition of employment or as a "qualification factor."  PFR

File, Tab 7 at 10-11. The appellant asserts that conditions of employment are clearly identified as such on a position's job announcement. She thus seems to assert that, because the job announcement here did not explicitly identify DAWIA Level II Certification as a condition of employment, it does not support the administrative judge's finding that such certification was a condition of her employment. *Id.* at 11. The appellant similarly argues that her job offers, like the job announcement, do not indicate that certification is a condition of employment or a "qualification factor," and that, therefore, they do not support the administrative judge's finding that the agency proved that DAWIA Level II Certification was a condition of employment. *Id.*; *see* ID at 8 (citing IAF, Tab 57 at 59, 61).

¶13       Although it may be true that the job announcement and the appellant's job offers do not include the term "conditions of employment," and thus do not explicitly state that DAWIA Level II Certification is a condition of employment as a GS‑12 Contract Price/Cost Analyst, they clearly state that the person who occupies that position must attain certification within 24 months after his or her entrance on duty. We find that these statements are the functional equivalent of a statement that the attainment of certification within 24 months after entrance on duty is a condition of employment for a GS-12 Contract Price/Cost Analyst. Given the extension of the time limit for attaining certification to 40 months and the lack of a waiver of that deadline, the appellant thus was required to attain certification by January 27, 2014 (40 months from her entrance of duty) to retain her position. Such certification was therefore a condition of her continued employment as a GS-12 Contract Price/Cost Analyst, regardless of whether the position's job announcement or the appellant's job offers explicitly identified DAWIA Level II Certification as a condition of employment.

¶14       On review, the appellant reasserts her arguments from below that DAWIA Level II Certification was not a condition of her employment for the following reasons: (1) conditions of employment must be "spelled out" in the position

description and her position description does not explicitly state that certification is a condition of employment, PFR File, Tab 7 at 7-10; IAF, Tab 25 at 20, Tab 49 at 11-12; (2) 10 U.S.C. § 1724(b)[10] prohibits the Secretary of Defense from requiring that applicants for or incumbents of her position have certification, PFR File, Tab 7 at 10; IAF, Tab 25 at 17, Tab 49 at 7-8; (3) although DAWIA training is identified as mandatory, it is not a condition of employment because other DOD training identified as mandatory is not a condition of employment, PFR File, Tab 7 at 13; IAF, Tab 25 at 18, Tab 49 at 9; and (4) the document "DOD Acquisition Career Field Certification Facts and Not So Frequent Questions," IAF, Tab 26 at 76, states that certification is not a qualification requirement for employment within DOD, PFR File, Tab 7 at 11-12; IAF, Tab 25 at 19, Tab 49 at 9.

¶15    The administrative judge addressed each of these arguments in the initial decision and found them unpersuasive. ID at 6-10. Although we agree with these findings, we modify the initial decision to further address the appellant's argument that certification was not a condition of her employment because her position description does not contain the certification requirement. In the initial decision, the administrative judge identified the basis of this argument as 5.B. of the Desk Guide, which requires "[c]ivilian 1102 series (and comparable military) positions [to] be designated as AT&L positions in the Contracting Position Category." ID at 6 (quoting IAF, Tab 7 at 55, Section 5.B). The administrative judge rejected the appellant's argument, finding that Section 5.B. of the Desk Guide only requires that AT&L positions be designated in the Contracting Position Category and does not mandate that certification requirements be spelled specifically out in the position description. *Id.*

---

[10] Section 1724(b) states that the Secretary of Defense may not require employees in the contracting occupational series to have completed all of the courses required for a contracting officer position and have at least 2 years of experience in a contracting position. 10 U.S.C. § 1724(b); IAF, Tab 26 at 69.

¶16     On review, however, the appellant argues that the mandate that position descriptions contain certification requirements is based on Section 5.G. of the Desk Guide, which provides as follows: "AT&L position information (e.g., AT&L position category, AT&L career field certification level, CAP/KLP designation and tenure period, and any special statutory requirements) should be annotated on the cover sheet of the position description." PFR File, Tab 7 at 9; *see* IAF, Tab 7 at 60-61, Tab 25 at 20, Tab 49 at 11-12. Consequently, we modify the initial decision to address whether Level II DAWIA Certification was a condition of the appellant's employment pursuant to Section 5.G., rather than Section 5.B., of the Desk Guide.

¶17     Although Section 5.G. states that the certification level should be annotated on the cover sheet of the position description, and DAWIA Level II Certification was not specifically listed as a condition of employment on the appellant's position description, we find that it was nonetheless a condition of employment, given the statement in her position description that the employee who holds the job is subject to the provisions of the DAWIA and associated DOD and DCMA policies and guidelines. As discussed above, these policies required the appellant to obtain certification to retain her position. Therefore, we find that the appellant's contentions regarding Section 5.G. of the Desk Guide provide no basis to disturb the administrative judge's finding that such certification was a condition of the appellant's employment.

¶18     The appellant also argues on review that the administrative judge "erred [in] stating that the occupational code on the Standard Form 50 and the position classification on the [position description] demonstrates [sic] that DAWIA Level II [C]ertification was a condition of employment." PFR File, Tab 7 at 11. The appellant asserts that this statement is "unfounded" because 5 U.S.C. § 7103(a)(14) provides that conditions of employment do not include matters relating to the classification of any position. PFR File, Tab 7 at 11.

¶19    The appellant has apparently misconstrued the initial decision. The administrative judge did not state that DAWIA Level II Certification was a condition of the appellant's employment because her position was classified as a contracting position. Rather, the administrative judge explained that the appellant's position description explicitly states that the position is subject to the provisions of the DAWIA and associated DOD and DCMA policies and guidelines, and she found that those policies require that persons in the appellant's position attain certification. ID at 10 (citing IAF, Tab 57 at 84). We find that this determination does not run afoul of 5 U.S.C. § 7103.

¶20    The appellant also asserts that, in finding that DAWIA Level II Certification was a condition of her employment, the administrative judge improperly concluded that she acknowledged in emails to various agency officials that she was aware of the requirement to obtain certification and that failing to do so could result in her removal. PFR File, Tab 7 at 13-14; ID at 9 n.10 (citing IAF, Tab 7 at 19-20, Tab 58 at 112, 130). The appellant reiterates her argument from below that, although she referenced certification in these emails and stated that she would be unable to obtain it by January 27, 2014, she was not acknowledging that such certification was a condition of employment, but was merely quoting the proposing official, who introduced the term "condition of employment" in his September 27, 2013 email. PFR File, Tab 7 at 13-14; IAF, Tab 22 at 11, Tab 49 at 17. The administrative judge considered this argument in the initial decision and disagreed with the appellant's assertion that her emails to various agency officials did not constitute an admission of knowledge that certification was a condition of employment. ID at 9 n.10 (citing IAF, Tab 49 at 17). The appellant's reiteration of this argument on review constitutes mere disagreement with the administrative judge's finding and, as such, provides no basis for disturbing the initial decision. *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (explaining that mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision).

¶21    The appellant further argues on review that the administrative judge's finding that DAWIA Level II Certification is a condition of employment as a GS‑12 Contract Price/Cost Analyst is "unsupported by case law," specifically, the Board's nonprecedential final order in *England v. Department of the Army*, MSPB Docket No. DA-0752-14-0176-I-1, Final Order (Aug. 4, 2014), and its decision in *Gamboa v. Department of the Air Force*, 120 M.S.P.R. 594 (2014). PFR File, Tab 7 at 8.   In these cases, the Board found that the agency had improperly removed the appellant for failure to meet a condition of employment (a security clearance) where the record evidence did not indicate that a security clearance was a condition of employment.   *See Gamboa*, 120 M.S.P.R. 594 ¶¶ 8, 11; *England*, MSPB Docket No. DA-0752-14-0176-I-1, Final Order, ¶¶ 1, 5. As explained above, the documentary evidence in this case, including the vacancy announcement and the appellant's position description and job offers, supports a finding that certification was a condition of the appellant's employment. Therefore, we find that the appellant's reliance on *England* and *Gamboa* is misplaced.

¶22    The appellant, moreover, argues on review that the administrative judge improperly failed to analyze the major duties of her position in assessing whether DAWIA Level II Certification was a condition of her employment.   PFR File, Tab 7 at 8.   The appellant asserts that, if the administrative judge had conducted such an analysis, she would have found that certification was not a condition of her employment because none of the major duties of her position required her to possess such certification.  *Id.* (citing IAF, Tab 25 at 21).

¶23    The appellant is essentially arguing that DAWIA Level II Certification was not a condition of her employment because she was able to perform the duties of her position satisfactorily without such certification.   As previously noted, the administrative judge properly found that the record evidence established that the appellant was required to attain the pertinent certification within 40 months of her entrance on duty to retain her position.  We find that the

appellant's ability to perform her duties without certification has no bearing on whether certification was a condition of employment.

> *The agency proved that the appellant failed to meet a condition of employment.*

¶24    Having determined that DAWIA Level II Certification was a condition of the appellant's employment, we turn to the issue of whether the appellant met that condition.   In her response to the notice of proposed removal, the appellant conceded that, absent a waiver, she was required to successfully complete the following two courses by January 27, 2014, to obtain DAWIA Level II Certification:   (1) Source Selection and Administration of Service Contracts (CON 280);[11] and (2) Contract Administration and Negotiation Techniques in a Supply Environment (CON 290).   IAF, Tab 57 at 38-39, *see id.* at 51.   The appellant did not obtain a waiver, nor did she complete these courses.

¶25    In determining if the agency proved that the appellant failed to meet a condition of employment, the administrative judge considered whether the appellant had a reasonable opportunity to obtain DAWIA Level II Certification. ID at 11-24.   The administrative judge thoroughly described the facts and circumstances surrounding the appellant's failure to attain certification, ID at 12−22, and we will not reiterate them in great detail here.   Briefly, pursuant to the appellant's request, in November 2012, the agency cancelled her enrollment in a CON 290 course scheduled for January 28 through February 28, 2013, and she applied for a CON 290 course scheduled for August 19-30, 2013.   IAF, Tab 7 at 6, 8-9.   The appellant was placed on a wait list for that course on December 3, 2012.   IAF, Tab 29 at 34.   She then applied for several other CON 290 courses scheduled for July and August 2013, and was placed on wait lists for those

---

[11] As explained in the initial decision, CON 280 previously was named CON 215.   ID at 19 n.16.   Although the appellant had completed CON 215, because she did not complete CON 290 by September 30, 2013, some of the courses she previously had taken, including CON 215, expired, and she therefore was required to take CON 280 to obtain DAWIA Level II Certification.   IAF, Tab 57 at 39, 51.

courses as well. *Id.* at 35-50. In May 2013, she initiated a fulfillment request for CON 290, which, if approved, would have allowed her to satisfy the training requirements for certification. IAF, Tab 58 at 160, 165-66; *see* IAF, Tab 7 at 32. In August 2013, a vacancy occurred in the CON 290 course scheduled to begin on August 19, 2013, and, on August 9, 2013, she received notification that a course reservation had been created for her in that course. IAF, Tab 29 at 61. Pursuant to her request, her registration for that course was canceled. *Id.* at 155-56, 160. Her fulfillment request then was disapproved in September 2013. *Id.* at 7. Shortly thereafter, the agency registered her for a CON 290 course scheduled for October 21 through November 1, 2013, and a CON 280 course, scheduled for December 2-13, 2013. IAF, Tab 29 at 70-71, 77. Although the agency denied the appellant's request to cancel her registration in those courses, she refused to attend them. IAF, Tab 29 at 76, 78-79, 93, 97, 105.

¶26     After reviewing the evidence, the administrative judge found that the appellant had "ample opportunity" to achieve DAWIA Level II Certification. ID at 23. In support of this finding, the administrative judge noted that the appellant canceled her enrollment in the CON 290 course scheduled for January–February 2013, and subsequently canceled her enrollment in the same course scheduled for August 2013, because the agency did not register her for the course until August 9, 2013, when a seat became available, and she claimed that she did not have sufficient notice of the course or adequate time to prepare for it. *Id.* The administrative judge agreed with the agency that the appellant should have started to prepare for the August 2013 course once she was notified that she was on the waitlist for it, and should have taken the course because employees on a waitlist for DAU courses should "plan and consider themselves going to [them] until they are informed otherwise." *Id.* (quoting IAF, Tab 46 at 24 (proposing official's written declaration)). The administrative judge found unpersuasive the appellant's argument that the agency's failure to provide her with the pre-course

work until days before the class was scheduled to start warrants an excuse from the requirement to take it once it became available. ID at 23.

¶27 As for the CON 290 and CON 280 courses scheduled for November and December 2013, the administrative judge found that, even though the appellant did not apply for these courses, she only had until January 2014 to complete them and her failure to do so resulted in her failure to meet a condition of employment. ID at 23-24. Finally, regarding the appellant's fulfillment request, the administrative judge found that the appellant knew that it was unlikely that her request would be approved, as the agency had provided her with "ample notification" that the preferred method of obtaining credit for CON 290 was through course participation. ID at 24. For the above reasons, the administrative judge found that the appellant failed to obtain her DAWIA Level II Certification, and she sustained the charge. *Id.*

¶28 The appellant argues on review that DAWIA Level II Certification was not a condition of employment and, therefore, the administrative judge erred in finding that the agency established that she failed to meet a condition of employment. PFR File, Tab 7 at 14-15. For the reasons discussed above, we find that the administrative judge correctly found that the applicable certification was a condition of employment.

¶29 The appellant also challenges the administrative judge's finding that the agency provided her with a reasonable opportunity to obtain DAWIA Level II certification. *Id*. at 26-28, 44. Instead, she contends, the agency acted in "bad faith" and with "patent unfairness." *Id.* at 26. The appellant alleges that, in finding that she had "ample opportunity" to attain certification, the administrative judge improperly relied on the proposing official's statement that employees placed on a waitlist for a DAU course should plan on going to the training until they are informed otherwise. *Id.* at 44 (citing ID at 23); IAF, Tab 46 at 24. She asserts that, because she was on waitlists for eight courses with varying locations and dates, it was illogical and unrealistic to require her to plan on going to a

course merely because she was on a waitlist for it. PFR File, Tab 7 at 44. She further asserts that it was unreasonable for the agency to expect her to plan on attending the course because several factors, including budget constraints and her prior experience with travel courses, indicated that she could not be enrolled in the course at the last minute. *Id.* Next, she argues that her "last minute" reservation in the August 2013 CON 290 course did not provide her with a reasonable opportunity to achieve certification because she did not have sufficient time to complete the "pre-course work" or make travel arrangements to attend the course, and she asserts that she was unable to take the course because she cannot accommodate long-term travel on short notice. *Id*. at 43.

¶30    We find these arguments unpersuasive. As previously discussed, the appellant was registered in the courses required to achieve certification on three separate occasions, and thus had multiple opportunities to meet that condition of employment. Even assuming arguendo that her registration in the courses scheduled for November 2012, and October and December 2013, did not provide her with a reasonable opportunity to achieve certification because her parental obligations precluded her from attending travel courses during the school year, she still had a reasonable opportunity to achieve such certification by virtue of her registration in the August 2013 course. Given her refusal to take the courses during the school year, we find that the appellant acted unreasonably by not availing herself of the opportunity to take the August 2013 course when a space became available, notwithstanding the inconvenience that taking the course on short notice might have caused her. Thus, we discern no reason to disturb the administrative judge's finding that the appellant had ample opportunity to achieve the necessary certification, but failed to do so. Accordingly, we agree with the administrative judge's finding that the agency proved its charge.

<u>The administrative judge abused her discretion in denying the appellant's motion to compel discovery.</u>

¶31    Discovery is the process by which a party may obtain relevant information from another party to an appeal. 5 C.F.R. § 1201.72(a). "Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* What constitutes relevant information in discovery is to be liberally interpreted, and uncertainty should be resolved in favor of the movant absent any undue delay or hardship caused by such request. *Ryan v. Department of the Air Force*, 113 M.S.P.R. 27, ¶ 15 (2009). "The scope of discovery is broad: '[d]iscovery covers any nonprivileged matter that is relevant to the issues involved in the appeal . . . .'" *Baird v. Department of the Army*, 517 F.3d 1345, 1351 (Fed. Cir. 2008) (quoting 5 C.F.R. § 1207.72(b)). The Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).

¶32    In accordance with the procedures set forth in the Board's acknowledgement order, IAF, Tab 2 at 2-3, the appellant timely initiated discovery, IAF, Tab 15 at 13-17. She requested the disciplinary records of employees charged with "the same or similar offenses nationwide within the 5‑year period preceding [her] removal." *Id.* at 13. She also asked for records showing how many employees were outside their "grace period" for obtaining certification and how many waiver and fulfillment requests the agency granted during the 5 years preceding her removal. *Id.* at 13−14.

¶33    The discovery request also included interrogatories asking the agency to state what disciplinary actions were taken against employees whom agency officials identified as "outside the grace period allotted for certification," whether the agency treated the appellant differently from those employees, and the reasons for any difference in treatment. IAF, Tab 15 at 15; *id.* at 42-43 (Workforce Development Team Lead E.P. reported that there were 46 individuals who had not

obtained certification within the 24-month timeframe for doing so and were not on a waiver); Tab 26 at 45 (Director of Career Acquisition Management reported that, during the fourth quarter of fiscal year 2013, 349 acquisition workforce members were more than 84 months late in meeting their acquisition career field certification requirements).

¶34    The agency objected to the appellant's requests, IAF, Tab 15 at 25-27, 31–32, and she filed a motion to compel discovery, *id*. at 4-12.  The appellant argued, among other things, that the information she requested was related to comparator employees and was reasonably calculated to lead to the discovery of admissible evidence.  *Id.* at 6.  More specifically, she claimed that the requested information would show that the agency treated her more harshly than other employees facing a similar charge.  *Id.*

¶35    During a telephonic prehearing conference, the administrative judge granted in part and denied in part the appellant's motion to compel.  IAF, Tab 37 at 2-3.  Regarding the appellant's document production request, the administrative judge found that the request for employee records "nationwide" for "the 5-year period preceding the appellant's removal" was overly broad and unduly burdensome.  *Id.* at 2.  The administrative judge ordered the deciding official to provide either of the following:  (1) "disciplinary records related to the same offense for any other employee in [his] chain of command during the same time period in which the appellant also fell within his chain of command[;] or (2) a sworn statement indicating that there were no other disciplinary actions rendered against other employees related to this charge and the reason for same."  *Id.* at 3.

¶36    Regarding the appellant's interrogatories, the administrative judge ruled that "the agency must answer whether disciplinary action was imposed for any employee (of those listed in E.P.'s email and who fell within [the deciding official's] chain of command) who were [sic] outside the grace period allotted for certification, explaining the difference in treatment, if any."  IAF, Tab 37 at 3.

The appellant objected to the administrative judge's rulings, thus preserving her objections for review by the Board. *Id.*

¶37    We agree with the administrative judge that the appellant's request for the disciplinary records of agency employees charged with the same or similar offenses as the appellant was overly broad insofar as she requested the records of DOD employees nationwide, rather than DCMA employees in AT&L positions. However, we find that the administrative judge disregarded Board precedent regarding disparate penalties and abused her discretion in her discovery rulings by effectively limiting the pool of potential comparators to employees in the deciding official's chain of command during the same time frame as the appellant. *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶¶ 13-15 (2010); *see Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 (2012) (holding that a flexible approach is warranted when considering the consistency of the penalty with those imposed on comparator employees). Specifically, the Board has held that, to trigger the agency's evidentiary burden on disparate penalties, the appellant must show that there is "enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently, but the Board will not have hard and fast rules regarding the 'outcome determinative' nature of these factors." *Boucher*, 118 M.S.P.R. 640, ¶ 20; *Lewis*, 113 M.S.P.R. 657, ¶ 15.[12]  If an appellant does so, the agency then must prove a legitimate reason for the difference in treatment by preponderant evidence before the penalty can be upheld. *Boucher*, 118 M.S.P.R. 640, ¶ 20.

¶38    We find that the appellant's discovery request relating to potential comparator employees was reasonably calculated to lead to the discovery of admissible evidence. Specifically, if she could show that the agency treated her more harshly than other employees for similar misconduct, she would have

[12] *But see* Dissenting Opinion of Member Mark A. Robbins, *Boucher*, 118 M.S.P.R. 640 (dissenting opinion of Member Robbins).

triggered the agency's burden to explain the difference in treatment. *See Boucher*, [118 M.S.P.R. 640](#), ¶ 20; *Lewis*, [113 M.S.P.R. 657](#), ¶¶ 15-16. In making this finding, we are guided by the Board's reasoning in *Figueroa v. Department of Homeland Security*, [119 M.S.P.R. 422](#), ¶¶ 10-11 (2013), a removal appeal in which the appellant raised a claim of disparate penalties. During discovery, the appellant requested documentation relating to disciplinary actions imposed on supervisory employees for the same or similar misconduct. *Id.*, ¶ 4. The administrative judge denied the appellant's request based on his finding that it did not appear reasonably calculated to lead to the discovery of admissible evidence. *Id.*, ¶ 10. The Board found that such a result was contrary to its instructions in *Boucher* and *Lewis* and that the administrative judge therefore abused his discretion in denying the appellant's motion to compel discovery. *Id.*, ¶ 11. Accordingly, the Board vacated the administrative judge's finding that the penalty was reasonable and remanded the appeal for further discovery and issuance of a new initial decision addressing the reasonableness of the penalty. *Id.*, ¶ 12.

¶39     Here, the information requested by the appellant also is potentially relevant to one of her affirmative defenses, specifically, her claim that the agency violated her right to due process when the deciding official considered several factors enumerated in *Douglas v. Veterans Administration*, [5 M.S.P.R. 280](#) (1981), as aggravating factors in determining the appropriate penalty even though the notice of proposed removal does not reference any of the *Douglas* factors. IAF, Tab 20 at 9. The U.S. Court of Appeals for the Federal Circuit has held that, when a deciding official receives new and material information by means of an ex parte communication, "a due process violation has occurred and the former employee is entitled to a new and constitutionally correct removal procedure." *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](#), 1377 (Fed. Cir. 1999). The record shows that, in determining the appropriate penalty, the deciding official considered the effect of the appellant's failure to obtain DAWIA Level II

Certification on "the need for employees similarly situated to meet the condition of employment." IAF, Tab 57 at 35. Given the deciding official's reference to similarly situated employees in his *Douglas* factors analysis, further discovery regarding comparator employees might lead to relevant evidence regarding the appellant's due process claim.

¶40    On remand, the administrative judge[13] shall permit the discovery requested by the appellant regarding DCMA AT&L employees for the 5-year period preceding her removal. After the completion of discovery, the administrative judge shall provide the parties an opportunity to submit supplemental evidence and argument into the record. The administrative judge also shall afford the appellant a hearing, if requested, limited to the disparate penalty and due process issues discussed above and shall issue a new initial decision addressing the reasonableness of the penalty and the due process claim discussed above, consistent with this order. *See, e.g.*, *McGrath v. Department of the Army*, 83 M.S.P.R. 48, ¶ 20 (1999).

---

[13] The appellant raises a bias claim on review and requests that the Board issue an "order of recusal" requiring the administrative judge to withdraw from any further involvement in this case. PFR File, Tab 7 at 46. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Furthermore, an allegation of bias by an administrative judge must be raised as soon as practicable after a party has reasonable cause to believe that grounds for disqualification exist, and must be supported by an affidavit. *Lee v. U.S. Postal Service*, 48 M.S.P.R. 274, 280-82 (1991). Because the appellant has not met these requirements, her claim of bias fails. Accordingly, the appellant's request for an order of recusal is denied.

## ORDER

¶41     For the reasons discussed above, we remand this case for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                      _____
                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.